UNITED STATES ENVELOPE CO. v. SHERMAN ENVELOPE CO. et al.

(Circuit Court of Appeals, First Circuit. April 28, 1903.)

No. 445.

1. PATENTS—INFRINGEMENT—ENVELOPE MACHINES.

The Heywood patent, No. 420,792, for improvements in machines for making envelopes, claims 14 and 15, which relate to mechanism for discharging the completed envelope from the folding box, are limited to the specific mechanism shown, the essential feature of which is the mounting of the front flap folder on a movable support, by means of which it is raised after the folding operation, leaving an aperture through which the envelope is discharged. As so construed, such claims are not infringed by the machines of the Sherman patents, Nos. 648,674 and 672,919.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Louis Southgate, for appellant.

George O. G. Coale, for appellees.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

BROWN, District Judge.   This appeal presents questions of infringement of claims 14 and 15 of letters patent No. 420,792, dated February 4, 1890, to Charles H. Heywood.   The claims relate to mechanism for discharging an envelope from the folding box.   As was stated in the opinion of the Circuit Court (116 Fed. 200):

"Before the Heywood invention the envelope was delivered from the folding box either over the folders or by lowering the bottom of the box.   In the Heywood device the envelope is discharged through a small opening between the under side of the front flap folder and the edge of the folding box.   This opening is obtained by mounting the front flap folder on a swinging frame or movable support."

The complainant's brief says of the Heywood improvement:

"The essence of the improvement consists in the movable support for the front flap folder, and in the motion given to the front flap folder and its movable support, comprising the lifting of the same from the edge of the immovable bed, the dwell in this•position for the delivery, the forward and downward delivery under the movable support, and the return of the movable support to the edge of the bed to close the aperture between the movable support and the bed in time to receive the next blank."

The front flap folder described in the complainant's patent is a hinged part turning on its own axis, and comprising the axis or cylindrical shaft and a projection therefrom of suitable shape to fold the front flap of an envelope.   This front flap folder is substantially of the same construction and mode of operation as those of the prior art.   The Heywood invention relates solely to means for discharging the envelopes after folding.   In old constructions, at this time, the front flap folder formed an obstruction to the lateral discharge of the envelope.   It was old to create an opening between the edge of the folding bed and the front flap folder, by dropping or tilting the bed, and to discharge the envelope laterally through the opening, as in the patents to Smyth, No. 91,575, to Pittman, No. 235,453, and to Rheutan, No. 385,524.   Heywood created an opening by lifting the front flap folder away from the folding bed. Using a solid, immovable folding bed, he mounted his entire front flap folder and its journals upon a movable block located in an aperture in the table and abutting upon the edge of the folding bed. This block was mounted upon a swinging frame, whose movements lifted bodily the block and front flap folder away from the edge of the folding bed to permit a discharge of the envelope, and restored it to its original position for the folding.   Heywood's front flap folder was given, in addition to the old movements for folding, a new or lifting movement for the creation of an aperture.

The complainant's brief lays much stress upon the "Heywood method of delivery," but does not make clear distinctions between a method of delivery and mechanism for delivery, nor show substantial differences between a delivery under the front flap folder through an aperture created by lowering the bed, as in Rheutan's patent, and a delivery under the front flap folder through an aperture created by lifting the front flap folder from the bed.   The criticism of the former "method of delivery" is merely that it sacrifices the advantages of a solid, immovable folding bed, and introduces a factor of inaccuracy

122 F.—30

due to the wear of the actuating connections and varied positions assumed by the movable bed. The comparison is rather of mechanisms for producing an exit than of the advantages of one exit over those of the other.

The problem being to get the folded blank out of the folding box, and it being old to create an aperture by moving the bottom away from the side, we do not think that Heywood is entitled to cover broadly the creation of an aperture by moving the side away from the bottom. It was old to mount the bed upon a movable support for the purpose of creating an aperture, and there was certainly no broad inventive conception in transferring the movable support from the bed to the side of the box for the same purpose.

The defendants have also succeeded in providing an aperture for the exit of the envelope substantially resembling that of the complainant's device. We are of the opinion, however, that the complainant's patent cannot be construed to cover broadly all means for providing an exit at this place. The claims cover specific combinations for effecting this purpose; and the true question is not, have the defendants succeeded in accomplishing similar results, but have they done it by means which are substantially equivalent? We are of the opinion that, though the defendants have adopted a point of discharge for the envelope which is substantially the same as the complainant's, they make an aperture at this point by means which are novel and original, and, considered as means for effecting the same result, mechanically different and superior. The machines of complainant and defendants "lack that identity of means and identity of operation which must be combined with identity of result to constitute infringement." Kokomo Fence Machine Co. v. Kitselman (March 23, 1903) 189 U. S. 8, 23 Sup. Ct. 521, 47 L. Ed. ——.

The defendants' discharging mechanism is described in letters patent to Sherman, No. 648,674 and No. 672,919. The front flap folder of the Sherman machine is a solid bar which is journaled in stationary bearings upon a table, and which has the ordinary movements of front flap folders in folding and releasing the envelope. Considering the front flap folder as a part containing not only a folding wing to engage the envelope blank, but an axis upon which it moves for the folding operation, it is apparent that Sherman's folder has no movable support. It is a solid casting, and its bearings rest on a solid, immovable support, unlike the bearings of the complainant's device, which rest upon a movable support.

We think that the peculiarity and novelty of the Sherman folding mechanism lies in a novel construction of a part which is designed to perform the old operations of a front flap folder, and is also so shaped as to afford an aperture for the exit of the envelope. While it may not be correct to say that the aperture for the discharge of the envelope is made by simply cutting away the under side of the old front flap folder, yet we think it is correct to say that the defendants secured the desired exit by the use of a front flap folder of novel construction, having a discharge aperture. The defendants use a solid casting having a journal at each end, a folding wing ex-

tending radially from one side, and a bead portion extending between the journals. It is the crank feature which furnishes the aperture. After the Sherman front flap folder has operated to fold an envelope blank, its motion upward is identical with the ordinary releasing operation of the old folders, and when it has reached the upward position an aperture is disclosed. This aperture is due entirely to the peculiar construction of the Sherman folder, and not to any peculiar movement given to it by an independent part.

We are of the opinion that, upon a proper construction of claims 14 and 15, there is no infringement. Comparing the two devices, not in respect to the point of exit, but in respect to the means by which an exit is secured, it is clear that the defendants' organization involves an original conception, is meritorious and ingenious, and not an infringement.

The decree of the Circuit Court is affirmed, with costs.